IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**KEGAN HACKER and**
**BRANDON SRINAMYOM,**
Individually and on behalf of themselves
and others similarly situated,

Plaintiff,

v.   No. _____

**DELORME ENTERPRISES, INC.,**
A Tennessee Corporation**, and**
**ROBERT DELORME,** individually**,**

FLSA Opt-in Collective Action
Rule 23 Class Action

Defendants.

**JURY DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Kegan Hacker and Brandon Srinamyom, ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former "over the road" truck driver employees, bring this Fair Labor Standards Act ("FLSA") collective action and Fed. R. Civ. P. 23 class action against Delorme Enterprises, Inc., and Robert Delorme ("Defendants"), and allege as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

1

2. This lawsuit is also brought against Defendants as a Fed. R. Civ. P. 23 class action, alleging breach of contract under the laws of the State of Tennessee, to recover unpaid contractual wages owed to Plaintiff and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

## II.    JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court further has jurisdiction over the Fed. R. Civ. P. 23 class action claims under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause.

## III.    CLASS DESCRIPTIONS

5. Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action on behalf of the following similarly situated individuals:

> All current and former "over the road" truck drivers employed by Defendants in the State of Tennessee at any time during the applicable limitations period covered by this Class Action Complaint up to and including the date of final judgment in this matter.[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

6. Plaintiffs bring this FLSA collective action on behalf of the following similarly situated persons:

> All current and former "over the road" truck drivers employed by Defendants in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively "the class").[2]

## IV. PARTIES

7. Delorme Enterprises, Inc., is a Tennessee Corporation with its corporate headquarters located at 7714 Cotton Patch Road, Corryton, Tennessee 37721. Delorme Enterprises, Inc., has been an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Tennessee Secretary of State, Delorme Enterprises, Inc., may be served through its registered agent for service of process: Robert Delorme, 6923 Maynardville Pike #423, Knoxville, Tennessee 37918.

8. Robert Delorme was and is the owner of Delorme Enterprises, Inc. Robert Delorme has been an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

9. Plaintiffs were employed by Defendants as "over the road" truck drivers during the relevant period herein. (Plaintiffs' Consent to Join this collective action is attached hereto as *Exhibit A*.)

---

[2] *Id.*

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

10. Defendants own and operate a fleet of "over the road" long haul trucks, and provide trucking/distribution services to business entities throughout the Southeastern United States.

11. Defendants employ truck drivers, such as Plaintiffs and members of the putative class, and erroneously classifies them as independent contractors.

12. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Collective Action Complaint.

13. Defendants employed Plaintiffs and those similarly situated and were responsible for setting and administering wage and compensation policies related to them during the relevant period of time in question.

14. The decisions regarding the compensation of Plaintiffs and other members of the class, and other terms of employment, were made through a centralized management of Defendants' Headquarters located in Knoxville, Tennessee, under the direction and control of their executives, officers and human resources personnel, including Defendant Robert Delorme.

15. Defendants have had a centralized plan, policy and practice (scheme) of requiring Plaintiffs and other similarly situated "over the road" truck driver employees to perform truck driving/distribution job duties without compensating them the applicable FLSA minimum wage.

16. Specifically, Defendants have suffered and permitted Plaintiffs and members of the putative class to perform their truck driving job duties for Defendants within certain pay periods and then *refuse to compensate them all together*. In fact, Defendants issue pay stubs to Plaintiffs and members of the putative class that erroneously charge them for "advances" they never

received. Defendants then charge Plaintiffs and members of the putative class for work they provided for Defendants, issuing them pay stubs with a negative balance.

17. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, who worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

18. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

19. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and its employees are engaged in interstate commerce.

20. Plaintiffs and all other similarly situated persons are current or former "over the road" truck driver employees of Defendants.

21. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiffs and those similarly situated to perform truck driving duties without compensating them the applicable FLSA minimum wage is that Defendants willfully failed to pay Plaintiffs and other class members at least the FLSA minimum wage rates of pay, in order to save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and thereby have enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

22. Therefore, Plaintiffs and others similarly situated are entitled and, hereby seek, to a recovery of back pay, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses

from Defendants for all such aforementioned time that is available under the FLSA as it relates to minimum wage.

23. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe sufficient information will become available to them through discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.    RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

24. Defendants own and operate a fleet of "over the road" long haul trucks, and provides trucking/distribution services to business entities throughout the Southeastern United States.

25. Defendants employs truck drivers, such as Plaintiffs and members of the putative class, and erroneously classifies them as independent contractors.

26. Defendants promised Plaintiffs and other putative class members that they would be compensated a percentage of the value of each truckload they delivered.

27. As explained above, Defendants failed to compensate Plaintiffs and putative class members this percentage of the value of each truckload they delivered.

28. Plaintiffs bring this case as a Fed. R. Civ. P. 23 Class Action on behalf of themselves, individually, and on behalf of other potential class members to recover unpaid contractual wages owed to them. The proposed class of persons is defined as:

> All current and/or former "over the road" truck driver employees of Defendants within the state of Tennessee for unpaid "truck load percentage" compensation. Plaintiffs seek to recover unpaid wages owed to them and all other similarly situated "over the road" truck driver employees who have worked for Defendants within the state of Tennessee at any time within the six (6) years preceding the filing of this lawsuit.

29. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

30. Common questions law or fact common to the Rule 23 Class predominate over questions affecting only individual class members. These common questions of law or fact are:

   (a) Whether an employee contract existed between Defendants and Plaintiffs and the putative class;

   (b) Whether the members of the Class are entitled to wages from Defendants under Tennessee's law of contracts;

   (c) Whether Defendants paid members of the class the percentage-based wages they were contractually promised;

   (d) Whether the Defendants unlawfully breached their employment agreements with Plaintiffs and members of the putative class;

   (e) Whether Defendants failed to keep true and accurate truckload/haul records for all truck loads delivered by Plaintiffs and the Class;

   (f) What were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment on contractually agreed wages;

   (g) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class;

31. As demonstrated by the allegations above, Plaintiffs' claims are typical of the Class' claims. These claims arose from the same employer at the same locations pursuant to the same practices and policies, and the claims are based on the same legal theories.

32. The persons in the Class identified above are so numerous that joinder of all members is

impracticable.

33. The Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

34. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

35. Plaintiffs are adequate class representatives. Plaintiffs were "over the road" truck driver employees of Defendants who, like the Class, were not the paying the contractually agreed upon wages. Therefore, Plaintiffs have an interest in seeking recovery for the same types of damages that members of the Class would seek.

36. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all contractually agreed upon wages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a breach of wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however,

treating the claims as a class action would result in a significant savings of these costs. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individuals in the Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

38. Plaintiffs know of no conflict of interest with the class of "over the road" truck driver employees who worked for Defendants.

39. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

40. Plaintiffs have hired the law firm of Jackson Shields Yeiser, Holt, Owen & Bryant to pursue their claims for unpaid overtime wages. Jackson Shields Yeiser, Holt, Owen & Bryant focuses its practice on wage and hour claims under the FLSA and applicable state laws. It has represented other employees asserting unpaid wage claims, and other compensable time, in numerous other cases. It has also represented numerous other employees and employers all over the United States in wage and hour claims in numerous other types of wage cases.

41. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

42. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I

### FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
**(On Behalf of the Class)**

43. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 42 above as if they were fully set forth herein.

44. At all times relevant herein, Defendants have been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

45. Pursuant to Defendants' uniform compensation policies and the aforementioned allegations, they have failed to pay Plaintiffs and other members of the class the applicable minimum wage rate as required by the FLSA.

46. Because of Defendants' failure to pay Plaintiffs and other members of the class for the aforementioned unpaid worktime, Plaintiffs and other members of the class have not received compensation equal to the applicable minimum wage rate of pay as required by the FLSA.

47. At all times relevant, Defendants' uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an

hour results in Plaintiffs and Class Members' claims being unified through common theories of Defendants' FLSA violations.

48. At all times relevant, Defendants have acted without a good faith basis and, has had actual knowledge, of willfully refusing to pay Plaintiffs and other members for all the applicable FLSA minimum wages they are entitled to.

49. As a result of Defendants' willful failure to compensate Plaintiffs and other members of the class for at least the applicable minimum wage rate, it has violated and continues to violate the FLSA.

50. Plaintiffs and the other members of the class are therefore entitled, and hereby seek, to recover compensation for unpaid minimum wages at an hourly rate required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

**COUNT II**

**RULE 23 CLASS ACTION VIOLATIONS – BREACH OF CONTRACT**
**(On Behalf of the Class)**

51. Plaintiffs assert class breach of contract claims because Defendants entered into valid and enforceable contracts with them and with each member of the proposed Rule 23 classes, pursuant to which Defendants were to pay a specified rate based on the value of each truck load delivered by Plaintiffs and the Putative Class Members. Plaintiffs further assert that they and the Putative Class Members duly performed as agreed, but that Defendants breached the contract by failing to compensate them these percentage-based wages.

52. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that they and each member of the proposed Rule 23 class

11

provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that class members expected to be compensated for their services furnished to Defendants. The reasonable value of the services provided and not paid for by Defendants with respect to the Rule 23 class is the difference between the difference between the minimum wage they are owed under the FLSA and the percentage-based wage they are entitled to for each truck load they delivered for Defendants.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in

B. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

C. For certification of and notice to the FLSA Collective Action Classes and Rule 23 Classes, as further defined and determined by motions practice, and to properly inform them of their rights;

D. An award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable minimum wage rate as required by the FLSA;

E. An award of all contractually agreed to wages;

F. An award of liquidated damages to Plaintiffs and other members of the class;

G. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

H. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

I. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: September 4, 2020

Respectfully Submitted,

*s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR # 35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*Attorneys for the Named Plaintiffs, on behalf of themselves and all others similarly situated*